Patricia GARNER, Administratrix of the Estate of Ilia
Frank Hill, Jr. *v.* Robert LIMBOCKER and the City of
Fort Smith, Arkansas ·

CA 88-392                                    770 S.W.2d 673

Court of Appeals of Arkansas
Division I
Opinion delivered May 24, 1989

*Pryor, Barry, Smith & Karber,* by: *Debra Armstrong-Wright,* for appellant.

*Daily, West Core, Coffman & Canfield,* for appellee City of Fort Smith.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Sebastian County Circuit Court. Patricia Garner, appellant and administratrix of the estate of Ilia Frank Hill, Jr., appeals from the trial court's award of $3,000.00 from appellee, City of Fort Smith, for attorney's fees and costs under 42 U.S.C. § 1988. We affirm.

This action arose from an altercation which occurred on April 18, 1981, wherein appellant's brother, Frank Hill, was arrested. The record indicates that on that evening, three police officers responded to a disturbance call involving the deceased at an apartment complex in Fort Smith. Upon arrival the officers learned that the deceased left the complex and went to the residence of a friend across the street. The police confronted the deceased and a heated conversation developed which culminated in a physical altercation when the deceased tried to flee. During the fight, the deceased sustained internal injuries which appellant contends were primarily due to the actions of Officer Robert Limbocker. The deceased was subsequently arrested and charged with numerous offenses involving the altercation. The deceased became ill after his arrest and was transported to a local hospital where he underwent surgery for a ruptured intestine. Due to complications, the deceased underwent a second surgery the following day during which he expired.

On June 9, 1981, appellant filed suit for $2,650,000.00 in damages against the three Fort Smith police officers involved in the arrest of her deceased brother. Appellant alleged that the

officers committed unjustifiable assault and battery upon her brother and that the officers negligently failed to provide medical attention resulting in his death. In July of 1982, the court granted appellant's motion to dismiss without prejudice the portion of the complaint as to the two officers other than Robert Limbocker. Thereafter, appellant also filed a medical malpractice claim against the physician who performed the surgery alleging that the doctor proximately caused the death of her brother by his negligent disregard of the deceased's condition. Appellant received a $30,000.00 settlement from the doctor which she put into accounts for the children of the deceased.

In 1983, appellant amended the original complaint on two occasions to join appellee, City of Fort Smith, as a defendant in the litigation, alleging it failed to provide sufficient medical care and to supervise police officers. Additionally, appellant alleged the city retained Robert Limbocker as an officer with knowledge of his propensity to use excessive force. Five years later the case proceeded to trial on February 24, 1988. At appellant's request and over appellees' objections, the case was submitted to the jury on four interrogatories with all interrogatories answered unanimously. The jury found that the city did not have a policy or custom regarding provision of medical care to detainees which proximately caused injury to the deceased. It also found that appellant failed to prove that Fort Smith did not provide adequate training to its officers which caused injury to the deceased. Next, the jury found that appellant proved the existence of a pattern of use of excessive force by Officer Limbocker or other officers which appellee either condoned or did not correct. Lastly, the jury awarded zero damages for the pain and suffering, physical injury, and loss of earnings of the deceased.

The trial court entered judgment in favor of appellant against the City of Fort Smith and awarded attorney's fees and costs of $3,000.00 to appellant as prevailing party pursuant to 42 U.S.C. § 1988. It is from this award of attorney's fees that appellant brings this appeal. As her only point for reversal, appellant argues that the trial court abused its discretion by awarding only $3,000.00 in fees and costs for the alleged 353.90 hours accrued by three attorneys between May 1, 1981, and March 6, 1988.

We readily agree with appellant's reliance upon *Shakopee Mdewakanton Sioux Community* v. *City of Prior Lake*, 771 F.2d 1153 (8th Cir. 1985), *cert. denied*, 475 U.S. 1011 (1986) that the purpose behind § 1988 is to encourage litigation of meritorious civil rights actions and to encourage the enforcement of constitutional rights through the award of fees which adequately attract competent counsel. However, we also note that under 42 U.S.C. § 1988 (1982) "the court, in its discretion, *may* allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."(Emphasis added.)

 In the case at bar, although the court was not required under § 1988 to award any attorney's fees to appellant as prevailing party, it elected to award the amount of $3,000.00. In making this award, the court in this case relied on *Hensley* v. *Eckerhart*, 461 U.S. 424 (1983) which announced certain guidelines for calculating reasonable attorney's fees under § 1988. The factors considered by the court are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

In making its award, the court found that appellant succeeded on a significant issue in the suit in that the jury concluded that the deceased's "constitutional rights were violated by defendant City of Ft. Smith." The court recognized that the issue before it involved community interest as well as the rights of plaintiff/appellant. However, the court stated, "plaintiff's [appellant's] recovery was extremely slight when the complaint is reviewed and when other interrogatories submitted to the jury are reviewed and for that reason the fee herein is diminished to reflect the will and decisions of the jury." It was stated that the fact that the jury awarded appellant no damages had a bearing on the

court; however, it stated that the attorney's fees of $3,000.00 were awarded after a review of Supreme Court decisions.

■ We acknowledge that it was within the jurisdiction of the trial court whether to award any attorney's fees. However, once an award is made, the reasonableness of the attorney's fees awarded is to be judged by the abuse of discretion standard. *Johnson* v. *Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Therefore, the issue for resolution by this court becomes whether the trial court abused its discretion in awarding fees of $3,000.00.

■ In *Hensley* v. *Eckerhart*, 461 U.S. 424 (1983), the Supreme Court found that the initial estimate of reasonable attorney's fees is properly calculated by multiplying the number of hours expended on litigation times a reasonable hourly rate. However, the court recognized that upward or downward adjustments to that fee may be necessary based upon the particular facts of a given case. *Hensley* emphasized that the most critical factor to be considered in determining the reasonableness of a fee award is the "degree of success obtained." *Id.* at 436. The Court further stressed that in making an award, the focus should be on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on litigation. Additionally, *Hensley* held that although there is no precise rule or formula for making these determinations, an award may be reduced to account for limited success. Furthermore, in *Riverside* v. *Rivera*, 477 U.S. 561, 574 (9th Cir. 1986) the Court acknowledged that although the amount of damages is only one of the factors to be considered by a court when calculating attorney's fees, the damage amount is "certainly relevant to the amount of attorney fees to be awarded under § 1988."

■■ In the instant case, appellant as the plaintiff below has the burden of proving entitlement to an award of attorney's fees. *Johnson* v. *Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The record reveals that although appellant sought $2,650,000.00 in damages, no evidence was put on to establish proof of the damages sought. The jury awarded appellant zero damages for the deceased's pain and suffering, physical injury, and loss of earnings. Additionally, appellant prevailed on only one of four claims presented to the jury on interrogatories. In

making its award of $3,000.00, the court reviewed Supreme Court cases and generally took into consideration that no damages were awarded and appellant achieved only limited success in the litigation. Based on our review of the record, we agree that the findings of the court below were reasonable and the court did not abuse its discretion in awarding attorney's fees of $3,000.00.

Affirmed.

CRACRAFT and COOPER, JJ., agree.